IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| PAUL MUMFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  1:18CV83 |
| | ) |
| DEPUTY JASON S. THOMAS and | ) |
| BOB SCHURMEIER, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION, ORDER, AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This suit under 42 U.S.C. § 1983 is before the Court on a Motion to Dismiss [Doc. #14] filed by Defendant Bob Schurmeier and a Motion to Dismiss [Doc. #17] filed by Defendant Jason S. Thomas, both pursuant to Federal Rule of Civil Procedure 12(b)(1), (2) and (6). Plaintiff has responded in opposition to Defendants' Motions. For the reasons set out below, the Court recommends that Defendant Schurmeier's Motion to Dismiss be granted in part and denied in part and that Defendant Thomas's Motion to Dismiss be denied.

I. FACTS, CLAIMS, AND PROCEDURAL HISTORY

This is a civil rights action filed by Plaintiff, who is proceeding *pro se*, pursuant to 42 U.S.C. § 1983. (Compl. [Doc. #1].) He alleges the following facts. Defendant Thomas is a Sheriff's Deputy and Sex Offender Registration Officer in Cabarrus County, North Carolina. (Id. ¶ 4.) The Sheriff's Office collects required information from persons required to register as sex offenders and enters that information into North Carolina's Sex Offender Registry, which is maintained by the North Carolina State Bureau of Investigation and made available

to the public. (Id. ¶ 6.) Defendant Schurmeier is the head of the State Bureau of Investigation. (Id. ¶ 5.)

On February 2, 1996, Plaintiff was convicted of 3rd degree rape in the Commonwealth of Kentucky and sentenced to two years of imprisonment. (Id. ¶ 15.) Upon his release, Kentucky required that Plaintiff register as a sex offender on the Kentucky Sex Offender Registry. (Id. ¶ 16.) In December of 2003, Plaintiff moved to Cabarrus County, North Carolina and was required to register on North Carolina's Sex Offender and Public Protection Registry, which he did. (Id. ¶ 18.) Plaintiff later moved out of North Carolina in March of 2005 and has not resided in the State since. (Id. ¶ 21.) In December of 2007, Kentucky removed Plaintiff from its Sex Offender Registry and he has had no obligation to register as a sex offender in Kentucky since that time. (Id. ¶ 17 and Ex. A.) He is also not required to register as a sex offender in the State of Virginia, where he now resides. (Id. ¶ 27.)

After Plaintiff's removal from Kentucky's Registry in 2007, Plaintiff engaged in unsuccessful attempts to also be removed from North Carolina's Registry. He states that he made multiple requests for removal to both the Cabarrus County Sheriff's Office and the State Bureau of Investigation, but to no avail. (Id. ¶ 22.) On or about April 26, 2016, Defendant Thomas informed him that he would not be removed from North Carolina's Registry and that, if he moved back to North Carolina, he would have to re-register as a sex offender or be charged with a felony. (Id. ¶¶ 22, 26.) Plaintiff thereafter filed a Petition for Termination of Sex Offender Registration under N.C. Gen. Stat. § 14-208.12A in the Cabarrus County District Court. (Id. ¶ 23.) Plaintiff alleges that he demonstrated that he met the requirements for removal from North Carolina's Registry, but that the court in Cabarrus County dismissed his

2

case based on a lack of subject matter jurisdiction. (Id. ¶ 24.) He then brought the present lawsuit.

Based on the facts set out above, Plaintiff alleges that Defendants wrongfully placed and kept him on North Carolina's Sex Offender Registry in violation of his right to due process under the Fourteenth Amendment of the United States Constitution. He alleges that his wrongful retention on the Registry has resulted in embarrassment, death threats, being called a pedophile, depression, anxiety, and a legal prohibition against visiting his grandchildren in Florida. (Id. ¶ 28.) He seeks injunctive relief preventing Defendants from listing him on the Registry, as well as compensatory and punitive damages. (Id. ¶ 41-45.) Plaintiff's Complaint names both Defendants in their official and individual capacities.

II. DISCUSSION

Turning first to Defendant Schurmeier's Motion, Defendant Schurmeier argues that Plaintiff's claims against him should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction based on Eleventh Amendment immunity or alternatively under Rule 12(b)(2) for lack of personal jurisdiction because he is not a "person" subject to suit under § 1983 as to the official capacity claims. Defendant Schurmeier further contends that any remaining claims should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The Court considers each of these contentions below.

Defendant Schurmeier first argues that Plaintiff cannot sue him for damages in his official capacity because such a suit is barred by the Eleventh Amendment of the United States Constitution and the doctrine of sovereign immunity. Plaintiff alleges that Defendant Schurmeier is a state official. An official capacity claim raised under § 1983 against a state

3

official is generally a claim against the state itself. Hafer v. Melo, 502 U.S. 21, 25 (1991). The Supreme Court has held that "state officials, sued for monetary relief in their official capacities" are not "persons" subject to suit under § 1983. Id. (citing Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989)); see also Waste Management Holdings, Inc. v. Gilmore, 252 F.3d 316, 329 (4th Cir. 2001) (citing Alden v. Maine, 527 U.S. 706, 727-28 (1999)) ("The Supreme Court has recognized that the doctrine of sovereign immunity under the Eleventh Amendment extends beyond the literal text of the Eleventh Amendment to prevent a state from being sued by one of its own citizens without its consent."). Thus, to the extent Plaintiff asserts claims for damages against Defendant Schurmeier in his official capacity, those claims should be dismissed.

Defendant Schurmeier also seeks dismissal of Plaintiff's claim against him in his official capacity for injunctive relief, again based on the Eleventh Amendment. However, there is an exception to the Eleventh Amendment and sovereign immunity, recognized in Ex parte Young, 209 U.S. 123 (1908), if a plaintiff seeks prospective injunctive relief against a state official for an ongoing violation of federal law. Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 437 (2004). In that instance, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." Will, 491 U.S. at 71 n.10 (internal quotation omitted). Here, Plaintiff does allege an ongoing violation of his federal rights due to his wrongful retention on North Carolina's Sex Offender Registry, and he seeks injunctive relief requiring his removal.

Defendant Schurmeier still maintains that the claim for injunctive relief against him should be dismissed because there is not a sufficient "special relationship" between himself and Plaintiff's legal challenge. The exception recognized in Ex parte Young does not allow a plaintiff to simply sue any state official with some tangential connection to the subject matter of the suit. Instead,

> Ex parte Young requires a "special relation" between the state officer sued and the challenged statute to avoid the Eleventh Amendment's bar. Ex parte Young, 209 U.S. at 157, 28 S. Ct. 441. "General authority to enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging the law." Children's Healthcare is a Legal Duty, Inc. v. Deters, 92 F.3d 1412, 1416 (6th Cir. 1996) (internal quotation marks omitted). Thus, "[t]he mere fact that a governor is under a general duty to enforce state laws does not make him a proper defendant in every action attacking the constitutionality of a state statute." Shell Oil Co. v. Noel, 608 F.2d 208, 211 (1st Cir. 1979).

Waste Management Holdings, 252 F.3d 316, 331 (4th Cir. 2001). Defendant Schurmeier argues that, as set out in the Complaint, he merely collects and maintains sex offender information gathered by sheriffs' offices across the State of North Carolina and that this is not a sufficient relationship to the Registry to allow for suit against him. However, less than a month after Defendant Schurmeier's filing of his Motion in this Court, the United States District Court for the Eastern District of North Carolina issued a decision rejecting that argument in a similar case where a plaintiff sought an injunction against Defendant Schurmeier to prevent being wrongfully placed on North Carolina's Sex Offender Registry. That court concluded that "[a]s defendant Schurmeier is responsible for placing individuals, including plaintiff, on the registry itself, he bears the relationship to the alleged unconstitutional action here such that there is jurisdiction over him." Meredith v. Stein, No. 5:17-CV-528-BO, 2018 WL 2050143, at *3 (E.D.N.C. May 2, 2018) (unpublished). This Court agrees, and Defendant

5

Schurmeier's Motion should be denied as to Plaintiff's official capacity injunctive relief claim against him.

Defendant Schurmeier next contends that the Complaint should be dismissed because Plaintiff has failed to state a claim upon which relief may be granted. In considering a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), the Court must consider whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is "facially plausible" when the facts pled allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

Here, Defendant Schurmeier argues that Plaintiff fails to state a claim against him for a violation of Plaintiff's right to due process because placement or retention on the Sex Offender Registry does not implicate a protected liberty interest in a fundamental right. However, as explained in Meredith, Defendant Schurmeier's "fundamental right" argument addresses only substantive due process, not procedural due process. Meredith, 2018 WL 2050143, at *4.

> Substantive due process is the principle that there are some government actions so unjustifiable that there is no process available that could validate them. See U.S. Const. Amend. V; U.S. Const. Amend. XIV; Sylvia Development Corp. v. Calvert County, Md., 48 F.3d 810, 827 (4th Cir. 1995). By contrast, there are

6

other actions the state may take that affect protected interests, but are permissible as long as there is proper process. Snider Intern. Corp. v. Town of Forest Heights, Md., 739 F.3d 120, 146 (4th Cir. 2014). These interests are necessarily less fundamental than those covered by substantive due process, as that protection is more heightened. Sylvia Development Corp., 43 F.3d at 827.

Plaintiff has brought a procedural due process claim. To the extent defendants move to dismiss on the grounds that plaintiff has not established a fundamental interest protected by substantive due process, their argument is misplaced. Procedural due process is implicated when the state alters or extinguishes a previously recognized right or status. Paul v. Davis, 424 U.S. 693, 710-11 (1976). That is the case here, as plaintiff claims that placement on the registry alters his previous status as a normal citizen. Once registered, he faces restrictions on where he may go, live, study, pray and work.

Id.

Defendant Schurmeier further argues that even if there is a protected interest, the process provided was sufficient. In this regard, Defendant Schurmeier contends that North Carolina provides a procedure for those, like Plaintiff, seeking removal from the Sex Offender Registry and that the procedure is contained in N.C. Gen. Stat. § 14-208.12A. As Plaintiff states in the Complaint, he sought, but was denied, relief under that statute. However, Plaintiff alleges that his request was denied without consideration based on a lack of subject matter jurisdiction by the court in Cabarrus County. Defendant Thomas actually attaches a copy of the denial of Plaintiff's Petition and Order for Termination to his Motion to Dismiss (Thomas Motion, Ex. 1), but it is merely a check-box form that denies relief without explanation. More importantly, an examination of the language of N.C. Gen. Stat. § 14-208.12A itself appears to support Plaintiff's allegation that the denial was based on a lack of jurisdiction in Cabarrus County. The statute provides a removal process for three categories of persons required to register as sex offenders in North Carolina. See N.C. Gen. Stat. § 14-208.12A(a). Two categories are offenders convicted for offenses occurring in North Carolina and offenders

7

convicted in any federal court. Obviously, Plaintiff does not fall into either of these two categories given that his conviction occurred in state court in Kentucky. The third category is for persons convicted of offenses occurring in a state other than North Carolina. Plaintiff would appear to fall into this category, but the statute then requires such persons to file any petition seeking termination "in the district where the person resides." Id. Thus, the statute does not appear to allow for the filing of a petition by persons such as Plaintiff who were convicted outside North Carolina, forced to register in North Carolina, remain on North Carolina's Sex Offender Registry, but now live outside of North Carolina. As stated recently by the United States District Court for the Eastern District of North Carolina in denying motions for summary judgment in the Meredith case, "[w]here there is no process, there can be no *due* process. Meredith v. Stein, No. 5:17-CV-528-BO, 2018 WL 5839380, at * 6 (E.D.N.C. Nov. 7, 2018). Here, Plaintiff plausibly alleges that he was not afforded access to any process to request termination or otherwise challenge his retention on the North Carolina Registry for his out-of-state conviction.[1] Thus, under the facts alleged, Plaintiff has stated a claim upon which relief may plausibly be granted, and Defendant Schurmeier's Motion should be denied on this point.

Finally, Defendant Schurmeier states in conclusory fashion without any discussion or citations to case law that Plaintiff's request for punitive damages should be dismissed because Plaintiff fails "to allege any conduct on the part of Defendant that so shocks the conscience

---

[1] As set out above, Plaintiff alleges that he is not a resident of North Carolina, that he has not been a North Carolina resident for over 10 years, that he has been removed from the registry in his state of conviction, that he is not required to register in his current state of residence, and that he does not have a "reportable conviction" under North Carolina law. Defendants have not presented any contention, at least at this stage of the case, with respect to whether Plaintiff should still be on the North Carolina Registry in these circumstances.

8

as to justify the award of punitive damages." (Schurmeier Br. [Doc. #15] at 9.) However, the standard for punitive damages under § 1983 is not conduct that "shocks the conscience," but rather "reckless or callous disregard for the plaintiff's rights, as well as intentional violations of federal law." Wade v. Smith, 461 U.S. 30, 51 (1983); see also Simmons v. Corizon Health, Inc., 122 F. Supp. 3d 255, 264 (M.D.N.C. 2015). Defendant does not address the facts of this case in light of this standard. Therefore, his request to dismiss Plaintiff's claim for punitive damages should be denied at this stage. Of course, it will ultimately be Plaintiff's burden to establish a sufficient basis for punitive damages, but those issues have not been addressed by the Parties under the appropriate standard, and therefore the matter is not suitable for resolution at this stage of the case on the briefs before the Court.

Turning now to Defendant Thomas's Motion to Dismiss, that Motion should be denied in its entirety. Defendant Thomas's first argument is that Plaintiff's claims against him in his official capacity are barred by "governmental/public official immunity." (Thomas Brief [Doc. #18] at 2.) Such immunity ordinarily applies to state law claims in North Carolina, see, e.g., Maney v. Fealy, 69 F. Supp. 3d 553, 563-65 (M.D.N.C. 2014), and the Complaint does not appear to raise such state law claims. However, Defendant Thomas also makes an argument that he is a state official and cites two cases, Kentucky v. Graham, 473 U.S. 159 (1985) and Mt. Healthy City Sch. Bd. of Ed. v. Doyle, 429 U.S. 274 (1977), dealing not with public official immunity, but with Eleventh Amendment immunity. Thus, it appears that Defendant Thomas may actually be attempting to claim Eleventh Amendment immunity. However, North Carolina sheriffs are not state officials entitled to Eleventh Amendment immunity under § 1983. Thomas v. Harwood, No. 1:17CV288-FDW, 2018 WL 4494991, at

9

*3 (W.D.N.C. Sept. 18, 2018) ("[T]he Eleventh Amendment does not bar a suit against a North Carolina sheriff in his official capacity . . . ." (quoting Harter v. Vernon, 953 F. Supp. 685, 692 (M.D.N.C. 1996)); see also Knight v. Vernon, 214 F.3d 544 (4th Cir. 2000). Defendant Thomas does not address this case law or explain why he, acting on behalf of the Sheriff in his official capacity, would be treated differently. Finally, Defendant Thomas also makes mention of qualified immunity, which is an entirely different type of immunity that shields government officials from liability in their individual capacity, provided "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). It is not entirely clear whether or not Defendant Thomas actually seeks to raise a defense of qualified immunity. However, if he does, he provides no analysis of the law or relevant facts. Therefore, the present Motion should be denied without prejudice to further development, presentation, and consideration of the qualified immunity defense on future dispositive motions in this case.

Defendant Thomas next raises an argument that he is not a person properly sued under Ex parte Young. However, as just discussed, Defendant Thomas is not a state official cloaked in Eleventh Amendment immunity. Therefore, the analysis of Ex parte Young is simply inapplicable to him. Defendant Thomas also asserts that he is simply a gatherer of information regarding sex offenders and that he just passes that information on to the State, which then maintains the Sex Offender Registry. He disclaims responsibility for determining who remains on the Registry. In essence, this is the flip side of Defendant Schurmeier's argument that he receives the information from sheriffs and merely maintains the Registry. Each Defendant points to the other and disclaims responsibility for removing persons, such as Plaintiff, who

are allegedly wrongfully on the list. This is a matter that need not, and indeed cannot, be decided at this time on a Motion to Dismiss. The parties can conduct discovery to determine which of the Defendants, if either of them, has the power to remove a person wrongfully listed on the Registry. Defendants' Motions to Dismiss on this point should be denied.

Finally, Defendant Thomas points to N.C. Gen. Stat. § 14-208.12A as providing Plaintiff with any required due process. This argument fails for the reasons set out above in connection with Defendant Schurmeier's Motion. Therefore, Defendant Thomas's Motion should be denied.

Having so concluded, the Court will place this case on a Standard Discovery Track under Local Rule 26.1, with all discovery closing May 17, 2019 and with dispositive motions due June 17, 2019. Under Local Rule 16.1, the Court concludes that no initial pretrial conference is necessary before entering a scheduling order.

IT IS THEREFORE RECOMMENDED that Defendant Schurmeier's Motion to Dismiss [Doc. #14] be granted as to Plaintiff's claim for damages against Schurmeier in his official capacity, but denied otherwise, so that Plaintiff's claims (1) against Schurmeier in his individual capacity and (2) for injunctive relief against Schurmeier in his official capacity, would proceed, without prejudice to further consideration on future dispositive motions.

IT IS FURTHER RECOMMENDED that Defendant Thomas's Motion to Dismiss [Doc. #17] be denied, and that Plaintiff's claims against Defendant Thomas proceed at this stage, without prejudice to further consideration on future dispositive motions.

IT IS ORDERED that this case is placed on a Standard Discovery Track, with a deadline for the completion of all discovery of May 17, 2019, and with dispositive motions due on June 17, 2019.

This, the 18th day of January, 2019.

/s/ Joi Elizabeth Peake
United States Magistrate Judge